## Commonwealth *v.* Potter, Appellant.

Argued November 12, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Martin Heller,* with him *Maximillian J. Klinger,* for appellant.

*Jeffrey A. Brodkin,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 20, 1971:

Appellant was convicted by a jury of first degree murder and armed robbery and sentenced to life imprisonment. After the denial of post-trial motions, this appeal was filed raising numerous contentions. The principal contention challenges the trial court's refusal to grant appellant's motion for a mistrial after a prejudicial statement by the prosecutor during cross-examination of appellant.* We agree and vacate the judgment of sentence and grant a new trial.

---

* Appellant also contends: (1) the trial judge entered the case as an advocate for the prosecution; (2) the trial court erred in refusing to sustain appellant's demurrer; (3) the trial court improperly admitted over objection illegal confessions which were based on an unconstitutional lineup; (4) the trial court improperly

Appellant testified in his own behalf and stated that he had been beaten by the police after being taken into custody. On cross-examination, the following exchange occurred: "Q. [Prosecutor]: Did you tell him [public defender] that the police had just beaten you up? Did you show him the marks on your face? A. [Appellant]: No sir. Q. Why not? A. Why not? Q. Yes, why not? A. He wasn't concerned about any marks on my face. Q. I suggest to you, Mr. Potter—A. You suggest to me what? Q. I suggest to you that the reason that you didn't say anything about it is because what you have said about being beaten by the police is a malicious lie like all the rest of your testimony. A. No, it is not. [Counsel]: Objection, Your Honor. That was not a question, Your Honor. [Prosecutor]: I suggested to him that he was lying. [Counsel]: I move for a mistrial. THE COURT: Motion for a mistrial denied. [To the prosecutor] I criticize you . . . for characterizing it that way. You don't need to do that."

The ABA Standards Relating to the Prosecution Function expressly state: "It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence . . . of the defendant." ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and Defense Function §5.8(b) (Prosecution Function) (Approved Draft 1970). The ABA Code of Professional Responsibility also provides that ". . . a lawyer shall not . . . (4) Assert his personal opinion . . . as to the credibility of a witness. . . ." ABA Special Committee on Evaluation of Ethical Standards, Code of Professional Responsibility, DR 7-106(C)(4) (1969). These standards are in response to the view

failed to suppress in-court identifications; (5) the court's charge was biased in favor of the Commonwealth. In light of our disposition, we need not reach these claims.

that ". . . the cause should turn on the evidence, not on the standing of the advocate, and the witnesses must stand on their own." ABA Standards, Prosecution, supra at §5.8(b) (Commentary).

The prosecutor, in branding appellant's testimony as a "malicious lie" exceeded the permissible bounds of cross-examination. Furthermore, he injected his highly prejudicial personal opinion of appellant's credibility into evidence, thereby clearly and improperly intruding upon the jury's exclusive function of evaluating the credibility of witnesses. See *United States v. Schartner*, 426 F. 2d 470, 478 (3d Cir. 1970); *People v. Lombardi*, 20 N.Y. 2d 266, 229 N.E. 2d 206 (1967); *Commonwealth v. Maloney*, 365 Pa. 1, 5, 73 A. 2d 707, 709 (1950); *People v. Reese*, 220 Cal. App. 2d 143, 33 Cal. Rptr. 561 (1963); *People v. Hickman*, 34 App. Div. 2d 831, 312 N.Y.S. 2d 644 (1970).

This Court has made clear ". . . that the prosecuting attorney enjoys an office of unusual responsibility, and that his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices." *Commonwealth v. Toney*, 439 Pa. 173, 180, 266 A. 2d 732, 736 (1970). Likewise, the ABA Standards Relating to the Prosecution Function recognize: "The prosecutor is both an administrator of justice and an advocate; he must exercise sound discretion in the performance of his functions." ABA Project, Prosecution Function, supra at §1.1(b). Furthermore, "[t]he duty of the prosecutor is to seek justice, not merely to convict." Id. at §1.1(c).

Considering the prosecutor's "office of unusual responsibility" and the highly prejudicial effect of his statement, the only appropriate relief is the granting of a new trial. The judgment of sentence is vacated and a new trial is granted.

288

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.