## Commonwealth *v.* Goosby, Appellant.

610

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Eugene H. Clarke, Jr.,* for appellant.

*James J. Wilson* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, March 16, 1973:

Appellant, Andrew Goosby, was found guilty of voluntary manslaughter in a jury trial. Following denial of post-trial motions, sentence of three to six years imprisonment was imposed. This direct appeal followed and we affirm.

Appellant contends that the trial court erred in denying his motion for a mistrial based upon certain remarks by Wanda Darlene Ebron, a Commonwealth witness. Wanda, the victim's twelve year old daughter, stated at the conclusion of extensive cross-examination: "The Witness: All right. Why that man [defense counsel] keep trying to get me to say something? The Court: Now, Miss Wanda—The Witness: I don't like him—" Defense counsel immediately requested a sidebar conference and moved for a mistrial.

We agree with the trial court that this remark was not so conducive to prejudice as to warrant the grant of a new trial. Our Superior Court has said and we agree: "Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.* Com. v. Hales, 384 Pa. 153, 154, 119 A. 2d 520; Com. v. Stallone, supra, 281 Pa. 41, 44, 126 A. 56; Com. v. Savor, 180 Pa. Superior Ct. 469, 119 A. 2d 849, affirmed in 386 Pa. 523, 126 A. 2d 444; Com. v. Meyers, 290 Pa. 573, 581, 139 A. 374." *Commonwealth v. Phillips,* 183 Pa. Superior Ct. 377, 382, 132 A. 2d 733, 736 (1957) (emphasis added). Here, the statement, perhaps a natural response of a youthful witness to lengthy cross-examination, was directed at defense counsel, not appellant.

Additionally, counsel admitted, at sidebar, that he was uncertain whether any juror heard the remark. In these circumstances, it cannot reasonably be said that Wanda's remark deprived appellant of a fair and impartial trial. Compare *Commonwealth v. Horvath*, 446 Pa. 11, 285 A. 2d 185 (1971) (improper remark severely prejudicial).

Appellant also alleges that a comment made by the prosecutor in his summation requires a new trial. In summation, the prosecutor said "when the defendant went over to the [victim's] house he had the gun in his pocket." Defense counsel objected and moved for a mistrial arguing that there was no testimony indicating that appellant entered the home with the weapon in his possession. In our view, the trial court properly denied this motion.

It is clear that it is "unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw." ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, §5.8 (Approved Draft, 1971). See also *Commonwealth v. Revty*, 448 Pa. 512, 295 A. 2d 300 (1972); *Commonwealth v. Dickerson*, 406 Pa. 102, 176 A. 2d 421 (1962). "[T]he District Attorney must limit his statements to the facts in evidence and legitimate inferences therefrom." *Commonwealth v. Revty*, supra at 516, 295 A. 2d at 302. See also *Commonwealth v. White*, 442 Pa. 461, 275 A. 2d 75 (1971); *Commonwealth v. Dickerson*, supra; *Commonwealth v. Crittenton*, 326 Pa. 25, 191 Atl. 358 (1937); ABA Standards, supra.

Review of the record here satisfies us that the prosecutor limited his statements to "the facts in evidence and legitimate inferences therefrom." *Commonwealth v. Revty*, supra. Appellant's own statement to the po-

lice—not here challenged—gives rise to the inference that he entered the house with the gun in his pocket. There, appellant related his version of the events: "[I] 'went to Lucy's house to talk about her daughter and my daughter, Rayetta, fighting. I went to her door and the door was part way open. I said to her apart her daughter' . . . 'fighting with my daughter and said she was tired of this shit and said her daughter, Darlene, was not even home on Sunday when this was supposed to have happened. She kept hollering and slapped me in the face. I pushed her down in a chair and she rolled onto the floor. She got up from the floor and she said, "You just wait and see." And she went into the kitchen. *She was grabbing for a knife on the sink when I shot her the first time. She picked up the knife and started toward me and my wife, and I fired again. She kept coming and I emptied the gun,* and she went right past me and out the door. I went out after her and she was talking to a guy who was fixing his truck, and she was saying "Please help me, he shot me." I then went into the back door of my house and out the front and kept going.' "

One could reasonably infer from this statement that appellant had the gun when he entered the house. The challenged remark by the prosecutor was well within the permissible range of prosecutorial conduct and did not deprive appellant of a fair trial. Moreover, the trial court carefully instructed the jurors that it is their recollection of the facts—not counsel's—which controls, for they are the "sole judges of the facts."

Judgment of sentence affirmed.