## Commonwealth *v.* Cannon, Appellant.

Argued September 27, 1973. Before JONES, C. J., EAGEN, POMEROY, NIX and MANDERINO, JJ.

*John H. Corbett, Jr.*, Assistant Public Defender, with him *John J. Dean*, Assistant Public Defender, and *George H. Ross*, Public Defender, for appellant.

*J. Kent Culley*, Assistant District Attorney, with him *Robert L. Eberhardt*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 16, 1974:

The appellant was tried and convicted in 1953 of murder in the first degree for an incident which occurred in 1949 after his apprehension in Ohio and his return to this jurisdiction through the extradition process. The judgment of sentence was affirmed by this Court in *Commonwealth v. Cannon*, 386 Pa. 62, 123 A.2d 675 (1956). In 1965 a petition for a Writ of Habeas Corpus was filed, and after a hearing, dismissed. In 1969 a petition seeking post-conviction relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. 1580, §1 et seq., 19 P.S. 1180-1 et seq. (Supp. 1974-1975), was filed and dismissed without a hearing. An appeal was taken to this Court at which time we vacated the order of the hearing court and remanded the cause for further proceedings below. *Commonwealth v. Cannon*, 442 Pa. 339, 275 A.2d 293 (1971). After a hearing was conducted, pursuant to the order of this Court, the court below denied

relief on three of the four grounds asserted, but granted appellant the right to file a motion for a new trial and/or in arrest of judgment limited to the narrow issue of whether an admittedly improper remark by the prosecutor within the hearing of the jury denied appellant his right to a fair trial. The motions were filed and, after argument, dismissed. This appeal follows and we now affirm.

The appellant was accused of shooting and killing the manager of a Pittsburgh tavern following an altercation between the two men. Three eyewitnesses, all previously acquainted with the appellant, testified that after an argument in the bar the appellant left and returned with a weapon and fired three bullets into the victim's abdomen which resulted in death nine days later. A dying declaration of the deceased was also introduced in which the victim accused the appellant as being the person that shot him. The defense offered was that of alibi, the appellant contending that he was in Chicago at the time of the shooting.

The present assignment of error focuses upon an occurrence during the testimony of a witness called by the Commonwealth, James Hamilton. Mr. Hamilton, by virtue of his earlier statements to police officials, was expected to relate in corroboration of the other eyewitnesses that the appellant shot the deceased after an argument. Contrary to expectations, although confirming appellant's altercation with the deceased in the bar that evening, his return to the tavern and the firing of three shots, steadfastly maintained that he did not see the appellant actually fire the weapon nor did he in fact see the gun. The prosecutor exhibited his disappointment with the testimony of the witness by requesting, in the presence of the jury, that the witness be held for the crime of perjury. The trial court sustained defense counsel's prompt objection and on two occasions, immediately following the incident and later

during the charge, admonished the prosecutor and instructed the jury to disregard the comment. The issue presented for resolution is the court's denial of a request for a mistrial by the defense.

All parties properly agree that the conduct of the prosecutor in this regard was clearly in violation of the standard of conduct the decisions of this Court have required of members of that office. *Commonwealth v. Harvell,* 458 Pa. 406, 327 A.2d 27 (1974); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974); *Commonwealth v. Revty,* 448 Pa. 512, 295 A.2d 300 (1972). That which remains to be determined is whether the conduct was so egregious, in view of all of the other testimony, as to require the grant of a new trial. While we have never condoned prosecutorial misconduct in any form, it would be most unwise to embrace a prophylactic rule which would require a retrial in every instance it occurs. Where, as here, it clearly did not affect the verdict or produce a substantial prejudice against the accused, this type of errant conduct is best cured by appropriate cautionary instructions such as were given here.

It is important to note that the impugning of integrity reflected by the comment related not to the appellant or a defense witness but rather to a witness called by the Commonwealth. Of equal significance is the fact that although the witness' refusal to admit actually seeing the accused fire the weapon into the body of the victim may well have assisted the cause of the defense, the bulk of his testimony was hostile in that he challenged the defense of alibi and was thus a hostile witness. Thus the impugning of the integrity of a hostile witness, albeit improper, could hardly be said to be prejudicial to the defense. While an errorless trial is obviously an end to be sought, as long as human beings subject to the frailties of their species are charged with the responsibility, such a result can-

378

not be mandated. We are satisfied that the error was properly met by the trial court and that this appellant's rights of due process were not offended.

Judgment of sentence affirmed.

Mr. Justice O'BRIEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.