372 A.2d 720

**COMMONWEALTH of Pennsylvania**

v.

**James CONSTANTINE, Appellant.**

Supreme Court of Pennsylvania.

Argued March 14, 1975.

Decided April 28, 1977.

Alfred B. Bell, Asst. Public Defender, Dante G. Bertani, Greensburg, for appellant.

Albert M. Nichols, Dist. Atty., David B. Nasson, Asst. Dist. Atty., Greensburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, James Constantine, was tried before a jury and convicted of selling a controlled substance, specifically methamphetamine, to an undercover agent on January 12, 1973. Post-verdict motions were denied and sentence of two and one-half to five years imprisonment was imposed. Appellant appealed to the Superior Court which affirmed per curiam, *Commonwealth v. Constantine*, 229 Pa.Super. 704, 323 A.2d 210 (1974). Petition for allowance of appeal to this Court was granted on November 1, 1974, and this appeal followed.

Appellant presents two arguments in support of his contention that a new trial should be granted. At the conclusion of the prosecutor's closing address to the jury, defense counsel directed the court's attention to certain remarks made by the prosecutor, and requested curative instructions, arguing that these remarks were prejudicial. This request was refused. Appellant now argues that he was denied a fair trial because of those prejudicial statements of the prosecutor. We agree. Therefore, we need not now discuss the other issue raised.

In his closing address, the prosecutor referred to appellant and his companions, two of whom had testified on his behalf, as possessing violent, even homicidal, tendencies. Appellant was on trial for the sale of a controlled substance only. No charges were brought concerning any crimes of violence. Nevertheless, in addressing the jury, the assistant district attorney stated that when the narcotics agent entered the room in which the drug transaction allegedly occurred, " . . . he didn't know whether he'd come out of there alive." Later, the prosecutor said " . . . how long do you think [the undercover agent] would last in the back room of Vince's Barber Shop with four people there, with previous criminal records, who know they'd go to jail for a long time if they got caught with that stuff?" In *Commonwealth v. Toth*, 455 Pa. 154, 159, 314 A.2d 275, 278 (1974), we said that a prosecutor should not " . . . press upon the jury any deductions from the evidence that are not strictly legitimate." There was no evidence in the instant case to warrant the prosecutor's statements that the agent's life was in any way endangered by appellant or anyone who testified on appellant's behalf at trial.

Furthermore, the prosecutor expressed his personal opinion that appellant's brother lied when testifying for

the defense, saying, "[b]ecause I don't believe Danny Constantine. I wouldn't take . . . Danny Constantine or anybody of that guilt [sic] at their word."

In *Commonwealth v. Potter*, 445 Pa. 284, 286–287, 285 A.2d 492, 493 (1971), we said:

"The ABA Standards Relating to the Prosecution Function expressly state: 'It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence . . . of the defendant.' ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and Defense Function § 5.8(b) (Prosecution Function) (Approved Draft 1970). The ABA Code of Professional Responsibility also provides that ' . . . a lawyer shall not . . . (4) Assert his personal opinion . . . as to the credibility of a witness . . .' ABA Special Committee on Evaluation of Ethical Standards, Code of Professional Responsibility, DR 7–106(C)(4) (1969). These standards are in response to the view that ' . . . the cause should turn on the evidence, not on the standing of the advocate, and the witnesses must stand on their own.' ABA Standards, Prosecution, supra at § 5.8(b) (Commentary).

The prosecutor, in branding appellant's testimony as a 'malicious lie' exceeded the permissible bounds of cross-examination. Furthermore, he injected his highly prejudicial personal opinion of appellant's credibility into evidence, thereby clearly and improperly intruding upon the jury's exclusive function of evaluating the credibility of witnesses."

The remarks in the instant case were equally improper and sufficiently prejudicial to warrant a new trial. *See also Commonwealth v. Russell*, 456 Pa. 539, 322 A.2d 127

(1974); *Commonwealth v. Toth*, 455 Pa. 154, 314 A.2d 275 (1974).

Judgment of sentence is reversed and a new trial granted.

JONES, Former C. J., did not participate in the consideration or decision of this case.

NIX, J., dissents.