417 A.2d 213

**COMMONWEALTH of Pennsylvania**

v.

**John TALIAFERRO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Filed Dec. 14, 1979.

---

George B. Ditter, Chief of Appeals Division, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's conviction of possession of a controlled substance, namely, heroin.[1] Appellant, who at the time of the commission of the offense was an inmate at The State Correctional Institution at Graterford, Pennsylvania, raises one question which we find worthy of discussion in this opinion: Whether the trial court erred in refusing to grant a mistrial when the assistant district attorney, during summation to the jury, characterized the testimony of a witness for appellant as a "lie."[2] The relevant facts are as follows:

While appellant was a prisoner at Graterford, Correction Officer Arthur Smith stopped him in a corridor and asked to inspect a paper bag appellant was carrying. Appellant complied, and inside the bag underneath several packs of cigarettes Officer Smith found a hypodermic needle wrapped in toilet tissue. At trial Officer Smith testified that while he was opening the bag, appellant dropped a packet to the floor which he had taken from his prison-pants pocket. Subsequent analysis revealed the substance in the packet to be heroin.

Appellant offered a different account of the events through his testimony. Although he did not dispute the bag contained a hypodermic needle, he claimed the heroin was in the bag also. His defense was that he thought the bag only contained cigarettes which fellow-inmate Harry Twiggs had asked him to deliver to another inmate. He denied having inspected the contents of the bag, and also denied having dropped the packet of heroin to the floor. For corroboration he summoned Harry Twiggs who testified that he had asked appellant to deliver the "cigarettes," and that appellant was

1. The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113 (1977).

2. Appellant's remaining contention, that the court shifted the burden of proof to appellant by instructing the jury that its verdict, whether to acquit or to convict, must be unanimous, is patently frivolous. See Pa.R.Crim.P. 1120(b).

neither informed of nor inspected the contents of the bag in his presence. Of course, if the jury had found that appellant did not know he was transporting heroin, he would have been acquitted.

Obviously, the only substantial issue in the case was the credibility of the witnesses. Focusing on the issue at hand, the assistant district attorney made the unfortunate mistake of characterizing as a lie the testimony of Harry Twiggs, then serving a life sentence for murder. Immediately, defense counsel objected and moved for a mistrial. The court sustained the objection, but refused to declare a mistrial. Instead the court instructed the jury as follows:

"I would comment, members of the jury, that it would be a more sequacious argument on the part of Mr. McGilvery, if he were to suggest to you that the testimony of the witness Twiggs was not to be believed, and then advance for you the reason why he thought it was not credible."

"It was improper for him to suggest that the testimony was prefabricated or conceived between the witness Twiggs and the defendant, and I would ask you to please disregard that portion of the argument."

Chastened by the court, the assistant district attorney apologized to the jury for his "over-zealousness" and concluded his summation without further objection. In his particularly eloquent and complete charge to the jury the trial judge obliquely underscored the impropriety of the prosecutor's assessment of Mr. Twiggs' testimony by instructing:

"Those who are honest, those who are candid, those who are truthful, those who are reliable, have about them a certain aura, a certain charisma of believability, *and it is your function as sworn jurors in the case to determine whether a particular witness was possessed of that faculty.*

*You will,* in a manner of speaking, ring the testimony of each witness upon the counter of human experience to

determine whether or not it rings true."[3]   (Emphasis added.)

The issue is thus framed:  Whether the court's curative admonition to disregard the assistant district attorney's characterization of the defense witness' testimony as a "lie," coupled with the assistant district attorney's apology and the court's charge to the jury, was sufficient to remove the taint caused by that improper characterization.

The Commonwealth concedes as it must that the prosecutor's remark was improper.  As the ABA's Standards Relating to the Prosecution Function § 5.8(b) (Approved Draft 1971) provides:

> "It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence of guilt of the defendant."

However, not every injudicious or improper comment by the prosecutor or the court is of such nature and quality that a new trial must be granted. *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 675 (1973); *Commonwealth v. Hales,* 384 Pa. 153, 154, 119 A.2d 520 (1956).

The general standard for measuring the gravity of error in cases such as the one before us is whether " 'the unavoidable effect [of the remark] would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict.' *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968)." *Commonwealth v. Stoltzfus,* 462 Pa. 43, 61, 337 A.2d 873, 882 (1975).  In *Commonwealth v. Pfaff,* 233 Pa.Super. 153 at 161, 335 A.2d 751 at 755 we delineated the kinds of misconduct most likely to be irreparably damaging to the accused:

> "one, where the prosecutor brands the appellant with epithets depicting him as vicious or criminal in nature . . . two, where the prosecutor comments from personal knowledge or experience on the *guilt or innocence of*

---

**3.** The court also specifically and poignantly charged the jury that they should not infer from appellant's imprisoned circumstance that he was not telling the truth.

the accused, thereby implying the existence of some special or additional information not before the jury . . three, where the prosecutor's comments are not a fair statement of the case, thereby misleading the jury and usurping its function."

The cases demonstrate that there are three available responses the trial court may employ depending upon the circumstances of the case and the nature of the prosecutor's improper remark. In some situations the remark may be sufficiently harmless that the court's charge to the jury, alone, will dissipate the taint adequately. *Commonwealth v. Chandler*, 237 Pa.Super. 19, 346 A.2d 579 (1975). *Cf. Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979). In other circumstances, it may be necessary to provide an immediate curative admonition followed by a full and complete charge to the jury. *Commonwealth v. Cannon*, 458 Pa. 374, 327 A.2d 45 (1974); *Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974). See also *Commonwealth v. Grant*, 479 Pa. 74, 387 A.2d 841 (1978). Finally, however, in some cases neither of these intermediate responses will be deemed effectual, and the only appropriate remedy is the declaration of a mistrial. *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979); *Commonwealth v. Russell*, 456 Pa. 559, 322 A.2d 127 (1974). See also *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Joyner*, 469 Pa. 333, 341 n.7, 365 A.2d 1233, 1237 n.7 (1976).

In the instant case the prosecutor did not contaminate the trial with epithets such as were present in *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974). Also, while the remark that Twiggs' testimony was a lie originally may be viewed as an indirect comment on appellant's guilt under the facts of this case, it did not imply an awareness of additional facts not before the jury. Compare *Commonwealth v. Russell*, supra. Rather, it rested solely as the prosecutor's opinion unbuttressed by any reference to his wide experience in criminal cases. And, finally, the remark did not draw any unfair inferences into the case which would mislead the jury. As a matter of fact, Twiggs'

testimony, even if truthful, did not necessarily exonerate appellant; Twiggs did not accompany appellant to the cell block where he was searched, and during that time appellant could have opened the bag, examined its contents, and removed the packet of heroin. While we stated in *Commonwealth v. Pfaff*, supra, that it is "absolutely unethical" for a prosecutor to assert his personal opinion on the credibility of a defense witness, we did not find such improper conduct incurable. Instead we found that "*absent* an immediate curative instruction and adequate charge, such conduct may be reversible error." Id. 233 Pa.Super. at 160, 335 A.2d 751, 754-55. (Emphasis added).

Finally, in most instances the impact of a comment such as was made in the instant case depends on the atmosphere at trial. *Commonwealth v. Dickerson*, 406 Pa. 102, 110, 176 A.2d 421, 425 (1962). The trial judge is in a much better position than we to measure the atmosphere at trial and guage the probable impact of an improper comment on the jury. That being the case, as we indicated above, there is no prophylactic rule that the prosecutor's violating the standards of professional conduct necessarily requires the accused to receive a new trial. *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974). Rather, the appropriate action to be taken rests in the sound discretion of the trial judge. *Commonwealth v. Silvis*, 445 Pa. 235, 237, 284 A.2d 740, 741 (1979). As our Supreme Court recently stated in *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979): "[T]he trial court has discretion in granting a mistrial, and instructions to the jury to disregard an improper and inflammatory question are adequate in many instances." Given the nature of the single improper remark in the instant case and the generally equitable atmosphere at trial, we find that the court's prompt curative instruction, the assistant district attorney's apology, and the full and complete charge of the court dissipated any prejudice the remark initially may have caused.

Judgment of sentence affirmed.

HOFFMAN, J., files a concurring statement.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HOFFMAN, Judge, concurring:

I agree with the conclusion of the majority that the improper remarks of the prosecutor were not so prejudicial as to preclude a fair trial of appellant. I disapprove, however, of the pedantic terminology employed by the trial judge in his curative instruction to the jury. Simple language is more appropriate in an instruction whose aim is to elucidate the law for laypersons. I concur in the majority opinion.