528 A.2d 620

**COMMONWEALTH of Pennsylvania**

**v.**

**Gordon L. GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1987.

Filed June 10, 1987.

Reargument Denied July 27, 1987.

William C. Kaczynski, Pittsburgh, for appellant.

Dennis M. McGlynn, Johnstown, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellant takes this appeal from an order which denied his claim for relief under the Post-Conviction Hearing Act. Upon review, we find it necessary to reverse the order of the PCHA court and remand the case for a new trial due to the improper and prejudicial closing remarks made by the prosecutor at Appellant's trial.[1]

As a result of evidence gathered when the police executed a search warrant at Appellant's home, Appellant was charged with possession with intent to deliver marijuana, possession of LSD and possession of a prohibited offensive weapon, a sword cane. Charges were also filed against Appellant for receiving stolen property, in the form of an electronic scale. During the search the officers also discovered certain firearms which Appellant had on earlier dates reported stolen. Based upon that discovery, two counts of false reports to law enforcement authorities were lodged against Appellant. After a jury trial, Appellant was convicted on all charges. Appellant was subsequently sentenced and a direct appeal was timely filed, which proved to be unsuccessful. See Commonwealth v. Graham, 334 Pa.Super. 170, 482 A.2d 1277 (1984). A petition for post conviction relief was later filed on Appellant's behalf by newly acquired counsel. The petition alleged among other claims, that trial counsel was ineffective for failing to object to the prosecutor's improper closing remarks. A hearing was held on the petition where testimony was taken on other outstanding issues. Although trial counsel was present at the hearing, he was not called as a witness.

1. Because of our decision based on this issue, we find it unnecessary to consider Appellant's additional allegations of ineffective assistance of counsel.

Thereafter, the PCHA court issued an order denying Appellant's petition, which order is the subject of our review.

■ When confronted with a claim of ineffective assistance of counsel, a reviewing court must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit and, if so, it must be determined whether the course chosen by counsel had some reasonable basis designed to serve the client's interest. *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986). A finding of ineffectiveness also requires a showing that counsel's action or inaction was prejudicial to the defendant. *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984). In light of this standard, we turn to an examination of the alleged ineffectiveness of Appellant's trial counsel.

Appellant specifically claims that his trial counsel failed to object to improper closing remarks made by the prosecutor. Appellant characterizes these comments as expressions of the prosecutor's personal opinion as to Appellant's credibility and his testimony elicited at trial. It is Appellant's position that he was prejudiced by these remarks and denied a fair trial.

■ "It is well established that a district attorney must have reasonable latitude in presenting a case to the jury and that he must be free to present his arguments with 'logical force and vigor'." *Commonwealth v. Brown*, 332 Pa.Super. 35, 480 A.2d 1171, 1176 (1984) *citing Commonwealth v. Smith*, 490 Pa. 380, 416 A.2d 986 (1980) and *Commonwealth v. Cronin*, 464 Pa. 138, 143, 346 A.2d 59, 62 (1975). Although it is proper for the prosecutor to make fair deductions and legitimate inferences from the evidence and argue to the jury that the evidence establishes the defendant's guilt, a prosecutor may not offer his personal opinion as to the guilt of the accused. *Commonwealth v. Brown, supra.*

'It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or any evidence of guilt of the defendant.' ABA Standards RElating to the Prosecution

Function § 5.8(b) (Approved Draft 1971). However, 'not every injudicious or improper comment by the prosecutor or the court is of such nature and quality that a new trial must be granted.' *Commonwealth v. Taliaferro,* 273 Pa.Superior Ct. 151, 417 A.2d 213 (1979). Instead, as the Supreme Court has noted: Where an improper remark is made by the prosecutor, the ultimate test as to whether a reversal of the judgment of sentence is required must depend upon a finding of the reasonable impact of the statement on the jury's factfinding function. Where the remarks are of such a nature that would seriously threaten the jury's objectivity and is [sic] likely to deprive an accused of a fair trial, curative instructions are inadequate *Commonwealth v. Brown,* 489 Pa. 285, 298, 414 A.2d 70, 76 (1980).

*Commonwealth v. Warren,* 298 Pa. Super. 349, 353, 444 A.2d 1209, 1211 (1982).

In the instant case Appellant points to specific instances to demonstrate his claim. Appellant first highlights the prosecutor's comments made concerning evidence that a shotgun which Appellant had reported stolen was later discovered during the search of his home. Appellant testified that he truly believed the gun was stolen when he made the report, however, in fact, it was located under his couch. Appellant explained that he was unaware of its placement due to the total disarray of his home after the burglary. With respect to this testimony, the prosecutor stated:

*This is my favorite story.* Let's take a look at this weapon. This is Commonwealth's Exhibit No. 4. This was in the first burglary, okay. I don't know much about weapons at all, but to my untrained eye, this does not appear to be a $4.00 weapon. And yet when the burglar was in Graham's house he took this weapon from the corner by the door and hid it under the couch. Does that make any sense? *Absolutely none, that's totality unbelievable.* (emphasis added).

Regarding the discovery of a large sum of money in Appellant's home, the prosecutor remarked:

He has worked a little more than two years in the last ten. His wife has not worked in ten years. And yet he saved at least $30,000.00 from that bag. *That it just unbelievable, incredible, and must be disregarded.* (emphasis added).

On the issue of Appellant's possession of a stolen scale, the prosecutor reviewed the testimony in the following manner:

Now he bought it in a bar. Met a total stranger in a bar, went into the parking lot with this person that he never met before, paid him $150.00 for something that he says he didn't know how to operate, he didn't even know if it worked. But he paid $150.00 for it, does that make any sense at all. *That is not in anyway believable.* (emphasis added).

The prosecutor told the jury the following concerning Appellant's defense on the charges that he possessed marijuana with the intent to deliver:

Mr. Graham would have you believe that his 26 pounds of marijuana was for his personal use. Now, let's take Trooper Cipollini's statement of the number of grams in a joint or a cigarette of marijuana. He said half a gram. Mr. Graham over here says one and a half to two, maybe. It we take his estimate, Trooper Cipollini's that comes to 27,000 cigarettes of marijuana. At 40 a day, *which I also find incredible.* At 40 a day we're talking about years and years of supply. *That is unbelievable, totally unbelievable.* (emphasis added).

The jury was also told:

Mr. Graham is what is known as a manufacturer of marijuana. By his own admission, he grew this himself. *I don't necessarily believe at all, but he told you that he grew it.* (emphasis added).

The final remarks objected to by Appellant involve Appellant's testimony that he never gave the police certain serial numbers when reporting his weapons as stolen. This testi-

mony was contrary to the police officer's recollection. During his closing the prosecutor argued:

> Mr. Graham's accusations that the Chief lied are totally unbelievable and should be disregarded by you. (emphasis added).

These remarks made by the prosecutor could not be characterized as anything other than his personal opinion of the evidence presented on Appellant's behalf and Appellant's credibility. Such as expression of personal belief was clearly improper. (Contrast: Commonwealth v. Sparks, 351 Pa.Super. 320, 505 A.2d 1002 (1986), where comments as to credibility were not expressions of personal belief but argument designed to persuade the jury that the witness deserved to be believed.) Because Appellant's trial counsel did not object to these comments, Appellant was not afforded the benefit of curative instruction. See: Commonwealth v. Anderson, 501 Pa. 275, 461 A.2d 208 (1983), where immediate, emphatic instructions were given to the jury and the prosecutor was admonished for suggesting that the defendant's version of the events was out of a story tale.

We can conceive of no reasonable explanation for counsel's failure to object. The remarks here were directed to a jury. This in unlike a case where a trial judge is sitting as fact-finder and concerns regarding improper prejudicial remarks are lessened if not eliminated. See: Commonwealth v. Stantz, 353 Pa.Super. 95, 509 A.2d 351 (1986). Further, after examining the entire record we cannot say the prosecutor's comments were motivated by and commensurate with prior attacks of a Commonwealth witness by defense counsel. See: Commonwealth v. Gwaltney, 497 Pa. 505, 442 A.2d 236 (1982).

The closing argument made on behalf of the Commonwealth herein contained numerous improper statements. The prosecutor repeatedly told the jury that in his mind Appellant's testimony was "unbelievable" which amounted to saying that in his opinion Appellant lied on the stand. In a few instances the jury was even instructed to disregard

the defendant's version of the events. We find the cumulative effect of these remarks necessarily prejudiced the jury by seriously threatening its objectivity. *Commonwealth v. Stantz, supra.*

It is for these reasons we reverse the order of the PCHA court and remand the case for a new trial.

Order reversed. Case remanded for a new trial.