431 A.2d 975

COMMONWEALTH of Pennsylvania

v.

Raymond E. SMITH, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 26, 1981.

Decided July 8, 1981.

Stanley Bashman, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Ann Lebowitz, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Raymond E. Smith, was convicted by a jury of murder of the third degree for the beating death of Nadine Price. Post-verdict motions were denied and appellant was sentenced to a prison term of ten to twenty years. This direct appeal followed.

Appellant raises but two issues on this appeal. First, he argues that the suppression court erred in refusing to sup-

press a statement which he gave to police shortly after his arrest. Second, appellant argues that the prosecutor impermissibly referred to previously suppressed evidence during her closing argument to the jury and that the curative instruction by the trial court was insufficient. We have reviewed the record and find that neither claim is sufficient to entitle appellant to a new trial.

Judgment of sentence is affirmed.

ROBERTS and FLAHERTY, JJ., file dissenting opinions.

ROBERTS, Justice, dissenting.

Once again a majority condones improper prosecutorial comment during closing argument on the theory that such comment was a "response" to comments of defense counsel. For the reasons set forth in *Commonwealth v. Brown*, 490 Pa. 560, 574–78, 417 A.2d 181, 188–190 (1980) (Roberts, J., dissenting), as well as *Commonwealth v. Perillo*, 474 Pa. 63, 73–74, 376 A.2d 635, 640–41 (1977) (Roberts, J., concurring), the time surely has come for this Court to recognize that such retaliatory behavior has no place in the courtrooms of this Commonwealth.

Suppressed from evidence at appellant's jury trial was physical evidence which police had illegally seized from appellant's apartment. During closing argument, defense counsel suggested to the jury that if, as the Commonwealth alleged, the victim had been brutally beaten at the apartment, the Commonwealth would have presented evidence of a struggle.

Although the prosecutor may have believed that defense counsel's remarks were improper, if so, the prosecutor made no effort to call the alleged impropriety to the attention of the trial court in an orderly manner. Nor did the court take any precautionary measures on its own motion. Instead, the prosecutor in closing stated: "Well, let me tell you that because of a ruling prior to trial, we cannot introduce that evidence."

Defense counsel immediately objected. However, the court gave only the following instruction to the Jury:

"Now, Ladies and Gentlemen of the Jury, a statement has been made by the defense in his argument to you that the Commonwealth didn't present evidence of items from the apartment of the defendant. Now, the Court informs you that, for reasons that are not involved here at all in this particular trial, you are not to concern yourselves with the fact that the Commonwealth didn't so present any evidence of that. Just strike it out of your minds."

This instruction did not include a cautionary comment on the prosecutor's remarks. Thus the jury was left with the prosecutor's unsworn, unchallengeable assertion that evidence of a struggle did indeed exist.

The prosecutor's use of closing argument as a vehicle for the introduction of suppressed evidence was improper. E. g., *Commonwealth v. Joyner*, 469 Pa. 333, 340–41, 365 A.2d 1233, 1236–37 (1976). As the ABA Standards explicitly state,

"[i]t is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matters of common public knowledge based on ordinary human experience or matters of which the court may take judicial notice."

American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function § 5.9 (Approved Draft, 1971). See id., § 5.8(a); ABA Standards Relating to the Function of the Trial Judge § 5.10(ii) (Approved Draft, 1972); Code of Professional Responsibility, DR 7–106(C)(3). For "[a]ssertions of fact not proved amount to unsworn testimony of the advocate, not subject to cross-examination." ABA Standards Relating to the Prosecution Function, supra, § 5.8(a) Commentary.

The prosecutor's improper introduction of evidence in closing argument never should have occurred. "The trial judge has the obligation to use his judicial power to prevent distractions from and disruptions of the trial." ABA Standards Relating to the Function of the Trial Judge § 6.3.

"The trial judge should not permit counsel during the closing argument to the jury to . . . make arguments on the basis of matters outside the record, unless they are matters of common public knowledge or of which the court may take judicial notice." Id., § 5.10(ii). As the ABA Standards Relating to the Prosecution Function point out, the problem of "response" is solved not by permitting retaliatory conduct, but by

"having advocates adequately instructed as to the limits of proper argument and trial judges willing to enforce fair rules as to such limits."

§ 5.8(d) Commentary. Thus here, instead of overruling defense objection to the prosecutor's effort to inform the jury that suppressed evidence of a struggle existed but could not be introduced, the Court should have sustained the objection and taken its own corrective measures at the earliest opportunity to eliminate even the possibility of prosecutorial "response."

As was stated in *Commonwealth v. Perillo*, supra,

"[r]etaliatory conduct by counsel has no place in a courtroom. It is the trial court's duty to ensure that the trial takes place in a dignified atmosphere, conducive to the fair and effective administration of justice."

474 Pa. 63, 73, 376 A.2d 635, 640. The trial court's failure to take appropriate precautions, and the resulting improper interjection of suppressed evidence by the prosecutor, were prejudicial and require a new trial.

FLAHERTY, Justice, dissenting.

Appellant contends that the prosecutor, during closing argument to the jury, improperly mentioned suppressed physical evidence, and that such a reference warrants a new trial. Initially, defense counsel, during closing remarks, argued to the jury that if the alleged fatal beating had occurred in appellant's apartment then one could assume that evidence of such a struggle would have been offered by the Commonwealth. Such evidence did, in fact, exist, but

had been ruled inadmissible, upon defense counsel's motion, by the suppression court on grounds that the evidence was obtained by means of a search conducted without a warrant. Following this improper argument by defense counsel, the prosecutor stated during closing argument, "[w]ell, let me tell you that because of a ruling prior to trial, we cannot introduce that evidence." Defense counsel objected to this remark, and the trial court instructed the jury as follows:

> "Now, Ladies and Gentlemen of the Jury, a statement has been made by the defense in his argument to you that the Commonwealth didn't present evidence of items from the apartment of the Defendant. Now, the Court informs you that, for reasons that are not involved here at all in this particular trial, you are not to concern yourselves with the fact that the Commonwealth didn't so present any evidence of that. Just strike it out of your minds."

Appellant contends that the instruction was insufficient to cure the prejudicial effect of the prosecutor's comment. Under certain circumstances, allegedly improper prosecutorial remarks may be regarded as being in fair response to defense argument so that a new trial would not be required. *Commonwealth v. Brown*, 490 Pa. 560, 417 A.2d 181 (1980). *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). However, where the unavoidable effect of the remarks would be to prejudice the jury, a new trial is required. *Commonwealth v. Simon*, 432 Pa. 386, 248 A.2d 289 (1968). In the instant case, the prosecutor's reference to the suppressed evidence would strongly have prejudiced the jury in favor of deductions not legitimately to be derived from the *admissible* evidence. Evidence that is suppressed is not to be drawn to the jury's attention, and mention of such evidence nullifies the effect of the suppression in a manner that could not, under the circumstances, have been cured by an instruction from the court. Thus, notwithstanding the impropriety of defense counsel's remark, the prosecutor's reference to suppressed evidence further polluted the trial. I would, therefore, grant a new trial.