**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Alvin JOYNER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 2001.

Filed May 14, 2001.

Norris E. Gelman, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before CAVANAUGH, HUDOCK and KELLY, JJ.

HUDOCK, J.:

¶ 1 Appellant appeals from the order entered May 23, 2000, disposing of his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541–46. Appellant's petition was denied without a hearing, following proper notice, on the basis that the petition was untimely filed. We affirm.

¶ 2 Appellant was originally convicted by a jury on June 24, 1972, of first-degree murder, aggravated assault, and possession of firearms. The charges stemmed from the shooting death of a park police sergeant and the critical wounding of a

park police officer. An individual arrested on the scene claimed to have carried out the attack on behalf of a revolutionary organization, in order to eliminate "pigs" (police officers). As a result of information supplied by this individual, police set up surveillance and ultimately arrested Appellant. Appellant confessed to his participation in the crime while in police custody.

¶ 3 The Pennsylvania Supreme Court reversed the conviction on December 9, 1976, and remanded for a new trial due to prosecutorial misconduct. *Commonwealth v. Joyner,* 469 Pa. 333, 365 A.2d 1233 (1976). Appellant was again convicted by a jury of the same charges on April 7, 1977. Post-verdict motions were filed, and new counsel was appointed to represent Appellant.[1] Appellant alleged the ineffectiveness of trial counsel in failing to move to dismiss based upon double jeopardy, and an evidentiary hearing was held on the allegations on January 18, 1979. On February 21, 1979, Appellant's post-verdict motions were denied. Appellant was sentenced the same date to life imprisonment on the murder conviction and to concurrent terms for the aggravated assault and firearms convictions.

¶ 4 Appellant appealed, arguing that trial counsel was ineffective in failing to file a double jeopardy motion. Appellant also challenged his confession. On January 31, 1983, the Pennsylvania Supreme Court affirmed the judgment of sentence. *Commonwealth v. Joyner,* 500 Pa. 221, 455 A.2d 629 (1983).

¶ 5 On January 13, 1999, sixteen years later, Appellant, through privately retained counsel, filed his first post-conviction petition for relief. On July 12, 1999, the Commonwealth filed a motion to dismiss on the basis of untimeliness, and on February 18, 2000, Appellant filed a supplemental PCRA petition. On April 27, 2000, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 1507, of its intent to dismiss the petition without a hearing. On May 23, 2000, the PCRA court denied relief. This timely appeal followed.

■■■■■ ¶ 6 In reviewing the propriety of the PCRA court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record and whether the order is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582 (1999). Before we reach the merit of Appellant's substantive arguments, we must determine whether the PCRA petition is timely. If the petition is untimely filed, we lack jurisdiction to address the merit of the issues contained therein. *See Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581 (1999); *Commonwealth v. Alcorn,* 703 A.2d 1054 (Pa.Super.1997), *appeal denied,* 555 Pa. 711, 724 A.2d 348 (1998). The timeliness requirements of 42 Pa.C.S.A. section 9545(b) are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless the petitioner can plead and prove that one of the exceptions to the time bar applies. *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000).

¶ 7 Appellant's petition was filed on January 13, 1999; therefore, it is governed by the 1995 amendments to the PCRA, which were enacted on November 17, 1995, and became effective sixty days thereafter.[2] The timeliness requirement contained in the Act is as follows:

(b) **Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

---

1. We note that new post-verdict counsel is the same as current counsel in this appeal.

2. Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess. No. 1) § 1.

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 8 Instantly, Appellant's judgment of sentence became final sixty days after our Supreme Court affirmed his judgment of sentence and the time period within which to file a writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Supreme Court Rule 20 (effective June 30, 1980) (petition for writ of *certio-*

*rari* to review the judgment of sentence is deemed timely when it is filed within sixty days after the entry of judgment of sentence). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999). Thus, for the purposes of section 9545, Appellant's judgment of sentence became final on April 1, 1983. On its face, then, the petition would appear to be untimely, as the petition was not filed until nearly sixteen years later on January 13, 1999. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998).

¶ 9 Appellant is also unable to benefit from the proviso in the Act which states that a first PCRA petition is timely if filed within one year of the effective date of the Act, or by January 16, 1997. 42 Pa.C.S.A. § 9545, Historical and Statutory Notes. Clearly, Appellant failed to file his petition by January 16, 1997. Therefore, the petition appears to be manifestly untimely. *Alcorn, supra.*

¶ 10 Still, we note that section 9545 also provides for three excepted circumstances wherein a petition will be considered timely even though it is filed more than a year after the judgment of sentence became final. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

¶ 11 Appellant argues that the instant petition is not untimely based upon an after-recognized constitutional right. Appellant contends that the case of *Commonwealth v. Martorano*, 559 Pa. 533, 741 A.2d

1221 (1999), created a new law regarding double jeopardy and that he is entitled to its retroactive application.

¶ 12 However, the PCRA court found that Appellant's supplemental petition invoking this exception was itself untimely filed. Section 9545(b)(2) requires the PCRA petition be filed within sixty days of the date the claim could have been presented. Therefore, even assuming that Appellant's claim falls under one of these exceptions, he failed to file the petition within sixty days of the decision in *Martorano*. *Martorano* was decided on November 10, 1999.[3] Appellant's supplemental petition, raising this issue for the first time, was filed on February 18, 2000.

¶ 13 The PCRA court further found that, even assuming Appellant timely-invoked the exception, that *Martorano* did not create a new constitutional right. The PCRA court stated that the court in *Martorano* explained that it was not creating new law, but rather was refining and restating the holding of *Commonwealth v. Smith*, 532 Pa. 177, 615 A.2d 321 (1992).[4] Lastly, the PCRA court found the facts of *Martorano* distinguishable from the comments of the prosecutor in the instant case. PCRA Court Opinion, 7/18/00, at 5.

> In his 1982 sentencing of the petitioner (for the second trial), Judge Latrone remarked that the prosecutor in the first trial did not intentionally provoke a mistrial by using inflammatory and prejudicial remarks in his summation, therefore, double jeopardy was not applicable.

> Years before the *Martorano* ruling, Judge Latrone applied that [case's] reasoning. Judge Latrone concluded that the conduct of the prosecutor was not intentionally undertaken to prejudice the petitioner to the point of denial of a fair trial. Judge Latrone also ruled that the prosecutor's remarks were not made as bad faith attempts to prejudice petitioner. Although the prosecutor's remarks were improper, they were predicated on good faith and trial strategy. In order to find double jeopardy, the prosecutor's comments would have had to be intentionally undertaken to prejudice the petitioner. Here they were not.

*Id.* at 6. *See also* Court Opinion, 6/11/82, at 7–16, and Supplemental Court Opinion, 6/11/82, at 1–3.

¶ 14 We find no error in the holding of the PCRA court. Accordingly, having found that the present appeal arises from an untimely filed petition and that Appellant's position lacks merit in any event, we affirm the denial of relief.

¶ 15 Order affirmed.

---

**3.** We summarily reject Appellant's claim that he met the timeliness requirement of section 9545(b)(2) because his PCRA petition was filed within sixty days of the denial of the petition for reargument in *Martorano, supra.* The focus of this subsection is on when Appellant became aware of the possible applicability of an exception to the timeliness provisions of the PCRA rather than, as Appellant suggests, when the judgment of sentence becomes final in a case he wishes to rely upon in seeking post conviction relief.

**4.** *Smith,* also, did not purport to establish a new constitutional right, but rather merely interpreted existing double jeopardy law. Further, *Smith* makes no mention of retroactive application.